IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHANGMING LIN,
# A073738645,

Petitioner,

v.                                      No. 3:17-cv-00346-DRH

LISA MADIGAN,
JOHN F. KELLY,
RICARDO A. WONG, and
DAMON ACUFF,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Changming Lin is currently being held at the Pulaski County Detention Center in Ullin, Illinois. (Doc. 1, p. 2). Proceeding *pro se,* Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration & Customs Enforcement officials since July 24, 2015. (Doc. 1). Petitioner insists that his detention is improper because he has been detained pending removal for longer than the six months that is presumptively allowed under *Zadvydas v. Davis,* 533 U.S. 678 (2001), and there is no likelihood of removal in the reasonably foreseeable future.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Following careful review of the Petition in the present case, this Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## **Background**

The Petition states Lin was born in China but became a legal permanent resident of the United States. (Doc. 1, p. 4). In 2003, 2007 and 2010, respectively, Lin was convicted of assault causing bodily injury, distribution of marijuana, and conspiracy to distribute methamphetamine. *Id.* Upon completion of his federal sentence for conspiracy to distribute methamphetamine on July 24, 2015, Lin was transferred directly into the custody of ICE pending removal proceedings. (Doc. 1, p. 5). He was charged with removability under 8 U.S.C. §§ 1227(a)(2)(A)(iii) (for having committed an "aggravated felony") and 1227(a)(2)(B) (for having been convicted of a controlled substance offense) on August 7, 2015. *Id.*

Lin did not dispute either charge and conceded his removability, but he did apply for withholding of removal under the Convention Against Torture based on a claimed fear of torture by the Chinese government because of his criminal convictions and a tattoo on his body which he says would incorrectly suggest he was a member of a criminal gang. *Id.* An immigration court continued proceedings once to allow Lin time to prepare and file an application for such

relief, and also re-scheduled an evidentiary hearing on Lin's claim for withholding to allow him time to retain an expert witness. *Id.* Efforts to retain an expert witness were ultimately unsuccessful and his application was ultimately denied after a December 1, 2015 hearing. *Id.* The immigration court indicated it would deny the petition and allowed Lin time to decide whether to appeal, in which case the court would issue a written decision. *Id.* Lin decided to appeal (around December 19, 2015) and a decision was thus prepared and mailed to him February 2, 2016. *Id.* Petitioner's appeal to the Board of Immigration Appeals was denied on June 30, 2016, and he waived his right to continue appeal proceedings. (Doc. 1, p. 5-6).

Petitioner has made no request to immigration authorities that he be released on bond because such authorities interpret applicable law—namely, Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)—as providing Petitioner no such right. *See Matter of Joseph*, 22 I&N Dec. 799, 802 (BIA 1999) (immigration judge may hold hearing on whether detainee is properly subject to § 1226(c) but noting detention of those subject to statute is mandatory). Unfortunately for Petitioner, however, the relevant federal courts interpret applicable law the same way. *See Demore v. Kim*, 538 U.S. 510 (2003) (upholding no-bail, mandatory detention provision of § 1226(c) against constitutional challenge); *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999) (same); *see also Lian Awi v. Rodney Kreitzman*, No. 15-CV-1529 (E.D. Wis. Feb. 23, 2016) (same). In Section 236(c) of the INA, Congress has mandated that the

Attorney General "shall take into custody any alien who" is removable by reason (among others) of having committed an aggravated felony or controlled substance offense. § 1226(c)(1)(B). This is in contrast to aliens pending removal proceedings but who have not been convicted of the specified crimes, for which Congress has granted the Attorney General discretion to release the alien on bond or conditional parole. § 1226(a). The only exception to mandatory detention for those subject to § 1226(c) deals with the witness protection program, which is not applicable here. § 1226(c)(2).

Plaintiff acknowledges that the Seventh Circuit has not found mandatory custody under § 1226(c) to violate due process. (Doc. 1, p. 8). But he nonetheless argues his continued detention is unconstitutional. He notes that a number of courts, relying on *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), in which the Supreme Court read an implicit time limit into another detention provision of the INA, § 1231(a)(6), have read such an implicit time limit into the mandatory-detention provision of § 1226(c). *E.g. Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015); *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). Petitioner acknowledges that the Seventh Circuit has not adopted this reading of § 1226(c) but suggests the Seventh Circuit has "hinted" it would. (Doc. 1, p. 8) (citing *Hussain v. Mukasey*, 510 F.3d 739, 743 (7th Cir. 2007) ("Inordinate delay before the order was entered might well justify relief, *Ly v. Hansen*, 351 F.3d 263, 271-73 (6th Cir. 2003), with habeas corpus the appropriate vehicle for obtaining it, as we know from *Zadvydas* and *Kim*. It would be a considerable paradox to confer a

constitutional or quasi-constitutional right to release on an alien ordered removed (*Zadvydas*) but not on one who might have a good defense to removal.")).

On March 24, 2016, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Wisconsin. *Lin v. Schmidt*, Case No. 16-cv-368 (E.D.Wis. April 5, 2016) (Doc. 1). Petitioner admits in the Petition in the instant case that he raised the same claim in his Wisconsin petition as he has brought in this case. (Doc. 1, p. 2). The District Court for the Eastern District of Wisconsin denied Petitioner's petition with prejudice, holding "Petitioner's continued detention is lawful under § 1226(c) and the Due Process Clause." *Schmidt*, Case No. 16-cv-368 at (Doc. 3, p. 4). The Court noted that "even if Petitioner is correct and the Seventh Circuit is poised to follow the Second and Ninth Circuits in *Lora* and *Rodriguez*, that is a decision only the Seventh Circuit can make. *Parra*–in which the Seventh Circuit rejected a due process challenge to § 1226(c) by an alien who, like Petitioner, conceded he was deportable because of criminal convictions–forecloses Petitioner's claim in this Court until the Seventh Circuit holds otherwise." *Id.* Petitioner admits in his Petition that the Seventh Circuit has not yet deviated from its holding in *Parra*. (Doc. 1, p. 8).

### Habeas Petition

Petitioner has reasserted the same grounds in his Petition in the instant case (Doc. 1) that the Eastern District of Wisconsin deemed meritless and dismissed with prejudice in Petitioner's earlier motion under 28 U.S.C. § 2241.

Thus, Petitioner's claims are clearly barred by 28 U.S.C. § 2244(a), which provides in pertinent part that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to the judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus....

The Seventh Circuit Court of Appeals has construed this provision to bar successive § 2241 petitions that are directed at the same issue raised in a prior petition. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *West v. Zuercher,* Case No. 07-1127, 2007 WL 2680566, at *2 (C.D. Ill. July 18, 2007). The improper successive Petition must be dismissed for lack of jurisdiction. *See, e.g., Schaefer v. Bezy,* Case No. 06-1101, 2006 WL 2829002, at *2 (7th Cir. Sept. 29, 2006).

## Disposition

Accordingly, the Petition is summarily **DISMISSED** for lack of jurisdiction. Petitioner's Motion for Appointment of Counsel (Doc. 2) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Signed this 9th day of May, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.05.09 17:35:14 -05'00'

**UNITED STATES DISTRICT JUDGE**